# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS JOSE MACIAS, <br><br> Petitioner, <br><br> v. <br><br> JAMES HARTLEY, <br><br> Respondent. | 1:09-cv-00923-BAK-GSA HC <br><br> ORDER CONSTRUING PETITIONER'S MOTION TO FILE AMENDED PETITION AS MOTION TO SUPPLEMENT ORIGINAL PETITION AND GRANTING MOTION TO SUPPLEMENT (Doc. 4) <br><br> ORDER DENYING AS MOOT PETITIONER'S MOTION TO DISMISS STAY (Doc. 6) <br><br> ORDER DIRECTING CLERK OF COURT TO REDESIGNATE AMENDED PETITION AS SUPPLEMENTAL PETITION (Doc. 5) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his original federal petition on May 27, 2009. (Doc. 1). On June 23, 2009, Petitioner filed an amended petition and a motion to consolidate that petition with the original petition as well as a request for a stay of proceedings pending a decision on Petitioner's habeas petition in the California Supreme Court that sought to exhaust claims raised in the amended petition. (Docs. 4 & 5). On November 9, 2009, before the Court could rule on Petitioner's motion for stay, Petitioner filed a motion to dismiss the stay, indicating that the California Supreme Court had denied his habeas petition. (Doc. 6)

## **DISCUSSION**

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

Because no responsive pleading had been filed when Petitioner filed his amended petition, no leave of Court was required. Rule Civ. P. 15(a). Accordingly, in the normal course of events, the amended petition would be the operative pleading in this case, superceding the original petition. See Local Rule 220.

However, in the interests of justice, the Court construes Petitioner's motion to consolidate pending case and amend petition (Doc. 4), as a motion to supplement the original petition rather than as a motion to consolidate the two petitions or to file an amended petition. Under Rule 15(d), on motion and reasonable notice, the "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule Civ. P. 15(d). Here, Petitioner has alleged an occurrence, i.e., the exhaustion of his claims in the amended petition, that occurred after the filing of the original petition. It is obvious that Petitioner intended to supplement the original petition with the claims contained in the amended petition, rather than to supercede the original petition with the amended petition. The Court perceives no prejudice to Respondent in construing Petitioner's motion to consolidate as a motion to supplement, and, as construed, grants the motion.

Regarding Petitioner's motion to dismiss the stay as moot, since the Court has never ruled on Petitioner's motion for stay, much less granted such a request, there is nothing to dismiss. Accordingly, Petitioner's motion itself is moot.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to consolidate or amend (Doc. 4), is CONSTRUED as a

motion to supplement the original petition with the claims in the amended petition, and, as construed, is GRANTED.  In due course, the Court will issue an order for Respondent to file a response to the claims in the original and supplemental petition.

2. Petitioner's motion to dismiss stay as moot (Doc. 6), is DENIED as MOOT.

3. The Clerk of the Court is DIRECTED to re-designate the amended petition (Doc. 5), as a Supplemental Petition.

IT IS SO ORDERED.

Dated:     December 9, 2009                    /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE